DENNIS, Circuit Judge,
concurring:
In my judgment, the majority correctly concludes that Haynes’s defense counsel did not “entirely fail[ ] to subject the prosecution’s case to meaningful adversarial testing.” United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Defense counsel, in my opinion, subjected the prosecution’s first degree murder case to meaningful adversarial testing by attempting to establish a defense of lack of intent through cross-examination and examination of witnesses and argument. Thus, the adversarial process protected by the Sixth Amendment, as described in Cronic, was preserved. The accused had “counsel acting in the role of an advocate.” Cronic, 466 U.S. at 656, 104 S.Ct. 2039 (citation and footnote omitted). Defense counsel “require[d] the prosecution’s case to survive the crucible of meaningful adversarial testing,” id., on the question of first or second degree murder and, more important, caused it to fail that testing on the question of a life or a death sentence. The constitutional guarantee was not violated here, because “the process [did not] lose[ ] its character as a confrontation between adversaries.”[1] Id. at 656-57,104 S.Ct. 2039.
I disagree, however, with the majority’s perhaps unintentional implication that Cronic’s second “situation” of presumptive ineffectiveness applies only where the defense attorney completely fails to challenge the prosecution’s case, that is, only when the attorney has totally abandoned his client, as if the defendant had no representation at all. Maj. Op. at 381. I believe the second Cronic exception applies, and prejudice is presumed, even when counsel makes some effort at a defense, if counsel makes no meaningful attempt to challenge the prosecution’s case. For example, if the defense counsel represents his client at trial but, for no good reason, fails to cross-examine the only prosecution witness finking the defendant with the crime, he fails entirely to subject the prosecution’s case *384 to meaningful adversarial testing.[2] In my opinion, the broad and loose language in Bell v. Cone, — U.S.-, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), was not intended to alter the meaning of Cronic’s second situation. In Cone the Court dealt with defense counsel’s failure to affirmatively defend by not adducing sufficient available mitigating evidence; this was not a per se dereliction such as failure to subject the prosecution’s case to meaningful adversarial testing. Moreover, we should keep in mind that the discussions of the per se prejudicial situations in both Cronic and Cone constituted dicta in those cases and were not intended as holdings or rigid rules absolutely governing future unforeseen cases.
On the other hand, I disagree with my dissenting colleagues, because I do not think that the defendant’s Sixth Amendment claim of denial of the right of self-representation has been timely or properly raised. The right to self-representation announced in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), is subject to several limitations. “As the Faretta opinion recognized, the right to self-representation is not absolute. The defendant must ‘voluntarily and intelligently’ elect to conduct his own defense, and most courts require him to do so in a timely manner.” Martinez v. Court of Appeal of California, 528 U.S. 152, 161-162, 120 S.Ct. 684,145 L.Ed.2d 597 (2000) (citations omitted). After objecting to his defense counsel’s strategy at the early stage of the trial, Haynes did not assert his right to self-representation or clearly call for the discharge of his attorneys. Consequently, the trial judge did not inquire into the voluntariness or intelligence of such a nonexistent claim. Subsequently, Haynes continued to allow the defense counsel to represent him, and he elected not to testify at trial or to further protest the trial strategy pursued. Under these circumstances, Haynes either waived his self-representation claim or failed to properly raise and preserve it for our review. In either case, a reversal of his conviction on the theory that he has suffered a violation of his Sixth Amendment right to self-representation is unwarranted based on the record designated for our review.

. As the Court in Cronic explained, Even if defense counsel may have made demonstrable errors, "[w]hen a true adversarial criminal trial has been conducted ... the kind of testing envisioned by the Sixth Amendment has occurred.” 466 U.S. at 656, 104 S.Ct. 2039. ”[T]he Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade.” Id. at 657 n. 19, 104 S.Ct. 2039.

. As an example of the second situation, the Cronic Court drew an analogy to judicial denial of the right of cross-examination, which had been held to constitute a Sixth Amendment violation without any showing to prejudice in Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). See 3 Wayne R. LeFave, et al., Criminal Procedure § 11.7(d) n. 45 (2d ed.1999). "No specific showing of prejudice was required in [Davis ] because the petitioner had been 'denied the right of effective cross-examination' which ‘would be constitutional error of the first magnitude and no amount or want of prejudice would cure it.' ” Cronic, 466 U.S. at 659, 104 S.Ct. 2039 (citing Davis at 318, 94 S.Ct. 1105).